UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT WILLIAMS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>NURSE KIM GRAY, et al., )<br>)<br>Defendants. ) | No. 2:10-cv-39-WTL-DML |

**Entry Concerning Selected Matters**

**I.**

The plaintiff's motion to proceed *in forma pauperis* (dkt 2) is **granted.** The plaintiff is assessed an initial partial filing fee of Two-Dollars and Fifty Cents ($2.50). He shall have **through March 9, 2010,** in which to pay this sum to the clerk of the district court.

**II.**

**A.**

Plaintiff Robert Williams alleges that the defendants violated his federally secured rights pursuant to 42 U.S.C. § 1983, by delaying and/or denying medical treatment for his lice and/or scabies. "A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (internal quotation and citations omitted).

**B.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**C.**

Williams' complaint is subject to this screening process. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Applying these standards, certain of Williams' claims must be dismissed as legally insufficient.

! The due process claims asserted pursuant to the Fourteenth Amendment are **dismissed**. Williams' claims are sufficiently based on the protections afforded by the Eighth Amendment. There is no occasion to invoke the important but limited protections of due process and equal protection. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005)("[C]onstitutional claims must be addressed under the most applicable provision.").

! The claim against defendant Michael Mitcheff, the Regional Director of Correctional Medical Services, is **dismissed** because the only facts alleged against him is that he provided Williams with the medication he sought in August of 2008, but that he declined to intervene when J. Kleege determined that Williams was delusional and did not need further treatment for scabies. This allegation does not allege Mitcheff's personal liability for the constitutional violation Williams claims. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government- official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994)(quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985))(citations and internal quotations omitted). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . ."). The complaint fails to plausibly allege that Mitcheff was deliberately indifferent to Williams' serious medical needs, and thus fails to state a claim upon which relief can be granted.

No partial final judgment shall issue at this time as to the claims which are dismissed through this Entry.

**III.**

**A.**

The plaintiff's motion for preliminary injunction (dkt 5) seeks the provision of what Williams' characterizes as appropriate medical care and an order compelling prison authorities to make an appointment for Williams with a particular medical specialist. The motion for injunctive relief is **denied as premature.** The steps the plaintiff seeks through the issuance of injunctive relief would change the status quo, would involve this court in the management of the prison where the plaintiff is confined, and would involve directing the actions of parties over whom the court has not yet even acquired personal jurisdiction.

**B.**

The plaintiff seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel, though a court may, in its discretion, put out the call for a volunteer attorney to represent an indigent plaintiff. See 28 U.S.C. § 1915(e)(1); *see Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). "[T]he threshold consideration in determining whether to appoint counsel is whether the inmate has attempted and failed to procure counsel on his own . . . ." *Gil v. Reed,* 381 F.3d 649, 658 (7th Cir. 2004). In this case, although the plaintiff alleges that he and his family members have contacted some attorneys, he has not demonstrated that he has made a substantial effort in this regard. Because the plaintiff's motion to appoint counsel does not establish the threshold inquiry identified above, that motion (dkt 6) is **denied.**

**IV.**

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on defendants Nurse Kim Gray and J. Kleege, Mental Health Personnel, in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 02/11/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Williams
915553
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Nurse Kim Gray
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838-500

J. Kleege, Mental Health Personnel
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838-500