UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROBERT WILLIAMS,               )
                               )
            Plaintiff,         )
     vs.                       )        No. 2:10-cv-39-WTL-WGH
                               )
NURSE KIM GRAY, et al.,        )
                               )
            Defendants.        )

**Entry Discussing Motion for Summary Judgment**

The parties to this civil rights action are plaintiff Robert Williams (Williams) and defendants Nurse Kim Gray and J. Kleege, Mental Health Personnel.

For the reasons explained in this Entry, the defendants' motion for summary judgment [49] must be **granted.**

**Discussion**

Williams is confined at the Wabash Valley Correctional Facility ("Wabash Valley") and alleges that the defendants violated his federally secured rights pursuant to 42 U.S.C. § 1983, by delaying and/or denying medical treatment for his lice and/or scabies. The defendants seek resolution of Williams claim through the entry of summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Id.* A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *see Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.").

The constitutional provision implicated by Williams' claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (internal quotation and citations omitted).

The story is quite short as to defendant Kleege, who is a mental health professional. Kleege examined Williams on one occasion. This was on April 6, 2009, and was for a mental health check-up. Williams stated that he did not have any issues and did not wish to talk with Kleege. Kleege noted that Williams' past records indicated that he displayed psychotic symptoms and refused all medications. Williams characterizes this as Kleege having made a diagnosis that Williams was delusional. Indeed, the medical report for the visit recites the interaction and shows Williams to have an Axis I diagnosis of "Delusional Disorder." This was the same clinical assessment made by Dr. Brion Bertsche, M.D., upon his examination of Williams on October 8, 2008. In any event, it is evident that Kleege's assessment did not alter or suspend any course of treatment Williams was receiving and that assessment, even if unfounded, did not violate the Eighth Amendment. *Gutierrez v. Peters,* 111 F.3d 1364, 1374 (7th Cir. 1997) ("Medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim.").

The situation as to Nurse Gray is quite similar. Gray is the Director of Nursing at Wabash Valley. In that position, she did not directly provide medical treatment to Williams. It is possible, of course, to support an Eighth Amendment claim in these circumstances with a showing of "[a] delay in treatment . . . if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). "Allegations of refusal to provide an inmate with prescribed medication or to follow the advice of a specialist can also state an Eighth Amendment claim." *Arnett v. Webster*, No. 09-3280, slip. Op. at 20 (7th Cir. Sept. 12, 2011). Nurse Gray did not fall into either of these Eighth Amendment scenarios. Indeed, the medical records show that Williams was not diagnosed with scabies, that he received treatment for that condition "just in case," that his recurring concerns with this condition were evaluated as delusional, but he continued to receive Permethrin cream and similar items, including Bethamethasone cream, Hydrocortisone tablets, and Fluocinonide cream.

Williams' condition did not include having scabies or a history of scabies. A sufficiently serious medical condition can therefore not be based on such a diagnosis. Williams is convinced otherwise, but his disagreement with the treatment provided to him in these circumstances does not support a claim of cruel and unusual punishment, *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."), and his self-diagnosis is insufficient to withstand the defendants' motion for summary judgment. *See Fitzgerald v. Corrections Corp. of America,* 403 F.3d 1134, 1143 (10th Cir. 2005) (prisoner's personal opinion regarding his condition or his self-diagnosis is insufficient to establish an Eighth Amendment violation); *Green v. Senkowski,* 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) (finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim); *Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion).

Similarly, Williams has not provided evidence that either defendant Gray or defendant Kleege exhibited deliberate indifference to his medical conditions or any prescribed course of treatment for those conditions.

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)). Williams has not identified a genuine issue of material fact as to his claim in this case, and the defendants are entitled to judgment as a matter of law. The defendants' motion for summary judgment [49] is therefore **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/13/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana